**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-4369

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

IKE JOEL MITCHELL,

       Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:17-cr-00861-TLW-1)

Submitted: February 11, 2022               Decided: May 11, 2022

Before GREGORY, Chief Judge, and WYNN and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Timothy Ward Murphy, KOLB, MURPHY & GIVENS, ATTORNEYS AT LAW, LLC, Sumter, South Carolina, for Appellant. William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ike Joel Mitchell pleaded guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to possession with intent to distribute cocaine base, methamphetamine, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (D); two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e); using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession with the intent to distribute 500 grams or more of methamphetamine and a quantity of heroin, cocaine base, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (C), (D). The district court accepted the plea agreement and sentenced Mitchell to 240 months' imprisonment, followed by 10 years' supervised release. On appeal, Mitchell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the validity of Mitchell's guilty plea and the legality of the stipulated 240-month sentence. Mitchell did not file a pro se supplemental brief, and the Government has elected not to respond to the *Anders* brief. We affirm.

Beginning with Mitchell's convictions, a guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant

2

of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).

Because Mitchell did not move to withdraw his plea or otherwise object to the plea proceedings in the district court, our review is for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted). A reasonable probability is one that is "sufficient to undermine confidence in the outcome of the proceeding." *United States v. Lockhart*, 947 F.3d 187, 192-93 (4th Cir. 2020) (en banc) (internal quotation marks omitted). Our review of the record leads us to conclude that Mitchell's guilty plea was knowing, voluntary, and supported by a sufficient factual basis, and the district court did not plainly err in accepting it.

As to Mitchell's sentence, we have jurisdiction to review the sentence imposed pursuant to the Rule 11(c)(1)(C) plea agreement because the advisory Sentencing Guidelines range was "a relevant part of the analytic framework the [district court] judge

3

used to . . . approve the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018); *see United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2019) (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020). Mitchell stipulated to the above-Guidelines-range sentence because, without the plea agreement, his potential sentencing exposure would have been significantly greater than the agreed-upon 240-month term. Our review of the record leads us to conclude that Mitchell's sentence was not imposed in violation of the law and is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mitchell, in writing, of the right to petition the Supreme Court of the United States for further review. If Mitchell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mitchell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*